IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAI S., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 24-CV-476-MTS |
| | ) |
| FRANK BISIGNANO,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Sarai S. requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, the Court **AFFIRMS** the Commissioner's decision denying benefits.

**Social Security Law and Standard of Review**

Disability under the Social Security Act ("SSA") is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the SSA "only if h[er] physical or mental impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education,

---

[1] Effective May 7, 2025, pursuant to Fed. R. Civ. P. 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of 42 U.S.C. § 405(g).

and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920. Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.

At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that she does not retain the residual functional capacity ("RFC") to perform her past relevant work.

If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant— taking into account her age, education, work experience, and RFC—can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). A court's review is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). However, a court may not re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if a court might have reached a different conclusion, the Commissioner's decision will stand if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## Background and Procedural History

On July 6, 2022, Plaintiff filed an application for Title XVI supplemental security income, 42 U.S.C. § 1381, *et seq.*, under the SSA. (R. 48, 185-87). She alleged an inability to work beginning on June 1, 2017, due to back pain, shoulder replacement, arthritis, knee pain, and a broken back. (R. 48, 185, 214). Plaintiff was thirty-six years old at the time of the ALJ's decision. (R. 61). She has a limited education, completing the 9th grade. (R. 61, 215). Plaintiff has no past relevant work. (R. 60, 89).

Plaintiff's application was denied both initially and upon reconsideration. (R. 48, 119-122, 130-32). At Plaintiff's request, ALJ Deirdre Dexter, conducted an administrative hearing on February 15, 2024. (R. 48, 67-94). The hearing was held by teleconference pursuant to COVID-19 procedures. (R. 48, 157-58). ALJ Dexter issued a decision on March 27, 2024, denying benefits and finding Plaintiff not disabled. (R. 45-66). Plaintiff sought review by the Appeals Council, which was denied on August 6, 2024. (R. 9-15). As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

Following the five-step sequential process, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since July 6, 2022. (R. 50). At step two, she found Plaintiff suffered severe impairments of degenerative disc disease, osteoarthritis of bilateral shoulder and hands, and obesity. *Id.* The ALJ determined at step three that Plaintiff's impairments did not meet or equal a listed impairment. (R. 51). Based upon her consideration of Plaintiff's subjective allegations, the medical evidence, and the medical source opinion evidence, the ALJ concluded that Plaintiff retained the following RFC:

> [T]he claimant has the [RFC] to perform less than the full range of sedentary work as defined in 20 CFR 416.967(a). Specifically, she is able to lift, carry, push or pull up to 10 pounds frequently and 20 pounds occasionally; able to sit up to 6 hours in an 8-hour workday; able to stand and/or walk up to 3 hours in an 8-hour workday; able to occasionally stoop, kneel, crouch or crawl; able to frequently balance; job should not involve climbing; able to frequently reach; able to frequently handle or finger.

(R. 51).

At step four, the ALJ determined Plaintiff had no past relevant work. (R. 60). After consultation with a vocational expert ("VE"), the ALJ determined at step five that Plaintiff could perform the representative jobs of document preparer, addresser, and surveillance system monitor,

all of which she found existed in significant numbers in the national economy. (R. 61-62, 89-91). As a result, the ALJ found Plaintiff had not been under a disability since July 6, 2022, the date she filed her application. (R. 62).

## Errors Alleged for Review

In her challenge to the Commissioner's denial of benefits, Plaintiff generally asserts that the ALJ failed to properly evaluate her medically determinable migraine headaches when determining the RFC. (Docket No. 12 at 6–13). Specifically, Plaintiff first argues her migraine headaches constituted a severe impairment at step two of the sequential analysis. *Id.* at 7–8. Second, Plaintiff asserts the ALJ failed to include limitations associated with her migraine headaches in the RFC assessment. *Id.* at 9–13.

## The ALJ's Disability Determination at Step Two

At step two, Plaintiff bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c).[2] An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). It also "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.909. The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age,

---

[2] Basic work activities are defined as the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922. Examples of basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985).

5

education, and work experience." *Williams*, 844 F.2d at 750. Consequently, a claimant's testimony alone is insufficient to establish a severe impairment. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged[.]").

Although the burden of showing a severe impairment is *de minimis*, "the mere presence of a condition is not sufficient to make a step-two [severity] showing." *Flaherty v. Astrue*, 515 F.3d 1067, 1070–71 (10th Cir. 2007) (quoting *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003)). An ALJ "must consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." *Langley v. Barnhart*, 373 F.3d 1116, 1123–24 (10th Cir. 2004) (quotation omitted). If a claimant is unable to make a *de minimus* showing of medical severity, then the disability determination process ends, and she is determined not disabled. *Williams*, 844 F.2d at 751.

When considering the evidence at step two, "[t]he record must demonstrate that the ALJ considered all the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). "In addition to discussing the evidence supporting [the] decision, the ALJ also must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects." *Id.* at 1010. An ALJ may not "pick and choose among medical reports, using portions of evidence favorable to h[er] position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (citing *Switzer v. Heckler*, 742 F.2d 382, 385–86 (7th Cir. 1984)).

At step two, the ALJ found Plaintiff had severe impairments of degenerative disc disease, osteoarthritis of bilateral shoulder and hands, and obesity. (R. 50). She then identified Plaintiff's medically determinable non-severe impairment of migraines. *Id.* Ultimately, the ALJ determined the migraines were non-severe, reasoning that although Plaintiff alleged migraines, the treatment records from Dr. James Lackey, M.D., indicated that Plaintiff's reports of headaches with photophobia and nausea were "off and on" with one headache per week, and Plaintiff had "repeatedly stated Excedrin and sumatriptan were helpful." *Id.* The ALJ also referenced Plaintiff's visits with Dr. Lackey between July 28, 2021, and January 31, 2024, where Dr. Lackey repeatedly indicated in Plaintiff's medical records that her migraines were controlled. (R. 50, 327, 409, 420, 431, 440, 452, 468, 478, 533, 543, 554, 571, 643, 656, 667, 678, 689, 759, 766, 773, 780, 788, 795, 799, 803, 812, 816, 820).

Plaintiff seemingly challenges the ALJ's finding on step two that Plaintiff's migraines were non-severe, asserting that the record suggests Plaintiff's symptoms from her headaches "caused more than a slight abnormality and had more than a minimal effect" on her ability to work and met the *de minimis* requirement. (Docket No. 12 at 8). As previously noted, while the burden of showing a severe impairment is *de minimis*, "the mere presence of a condition is not sufficient to make a step-two [severity] showing." *Flaherty*, 515 F.3d at 1070–71 (quoting *Williamson*, 350 F.3d at 1100). Though the record contains consistencies in Plaintiff's medical record indicating the presence of migraine headaches, including the findings of state agency consultants, related symptoms, and medication treatment, there is no requirement that the ALJ discuss "every piece of evidence." *Bales v. Colvin*, 576 F. App'x 792, 799 (10th Cir. 2014) (quoting *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014)). Rather, where the "'ALJ indicates he has considered all the

7

evidence[,] our practice is to take the ALJ at his word.'" *Id.* (quoting *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009)).

Regardless, any error committed by the ALJ at step two is harmless, as she proceeded through steps three and four, suggesting that Plaintiff could not be denied benefits at step two. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error [at step two] became harmless when the ALJ reached the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."). Thus, the Court finds Plaintiff's step-two argument is unavailing.

### The Administrative Law Judge's RFC Determination

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). The RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id*. at *7. The ALJ must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on the evidence in the case record. *Id*. She must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*. If there is a conflict between the RFC and a medical source opinion, the ALJ must "explain why the opinion was not adopted." *Id*. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

"[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

Moreover, when assessing the RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe*." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (emphasis in original) (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) ("We will consider all of [a claimant's] medically determinable impairments . . . including [] medically determinable impairments that are not 'severe,' . . . when we assess [a claimant's RFC].")).

Plaintiff argues that the ALJ failed to "provide reasons supported by substantial evidence for failing to account for [her] migraines" and "largely omitted any discussion" of her migraine headaches at step four. (Docket No. 12 at 9). Specifically, Plaintiff challenges the ALJ's "selective reading of the record," asserting that the ALJ failed to acknowledge record medical evidence that supported Plaintiff's migraine-related symptoms. *Id.* at 9-12.

The ALJ began the RFC discussion by stating that she considered all of Plaintiff's symptoms, the objective medical evidence, including medical opinions and prior administrative medical findings, in addition to other evidence. (R. 51). She then summarized Plaintiff's statements from the administrative hearing regarding her migraines. (R. 53).

Continuing through the evidence of record, the ALJ also discussed Plaintiff's medical visits with Dr. Lackey, beginning with a discussion of her visit on January 31, 2024, where she completed her disability paperwork. (R. 57). According to Dr. Lackey, Plaintiff "had brief headaches with intraabdominal straining and was often in bed much of the day with headaches 2-4 days per month." *Id.* The ALJ noted that "such significant limitations" nor "headaches to such a degree" have ever been reported by Plaintiff to Dr. Lackey and that the examination remained

9

the same. *Id.* Furthermore, the ALJ addressed the Medical Source Statement completed by Dr. Lackey, indicating that Plaintiff had "severe headaches with nausea, weekly." *Id.* At her last known appointment on record with Dr. Lackey on February 5, 2024, Plaintiff again reported one headache per week and that medication helped. (R. 58). The ALJ noted this was consistent with Plaintiff's prior reports throughout the record. *Id.* While Plaintiff did allege migraines during her testimony, the ALJ considered such testimony, finding Plaintiff's "migraines have continually been noted to be controlled and therefore non-severe." (R. 59). Additionally, the ALJ considered evidence that Plaintiff was prescribed and had taken appropriate medications for her alleged impairments and that those medications had been "relatively effective, when taken as prescribed." *Id.*

Ultimately, the ALJ determined Plaintiff's description of the severity of the pain is "more severe than documented by the medical findings in this case" and that Plaintiff's reports of "significantly limited physical abilities during testimony. . . are simply not supported to the degree alleged, when comparing her allegations with the actual examinations within the evidence of record." *Id.* Moreover, the ALJ found that the evidence of record, rather than Plaintiff's testimony, "more accurately documented" the severity of Plaintiff's conditions and the effectiveness of medication. *Id.*

Plaintiff claims that the ALJ engaged in a "selective reading" of the record and "failed to acknowledge medical evidence" supporting Plaintiff's migraine symptoms. (Docket No. 12 at 9). The Court disagrees. The ALJ thoroughly discussed Plaintiff's non-severe impairment of migraines and its associated symptoms when considering the RFC. While an ALJ "must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe," *Wells*, 727 F.3d at 1065, "an ALJ is not required to discuss every piece of evidence"

10

to satisfy this requirement. *Clifton*, 79 F.3d at 1009–10. As the Plaintiff cites in her own brief, the ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." (Docket No. 12 at 10).

The Court finds that Plaintiff's reliance upon *Amy M. F. v. Kijakazi*, 22-CV-173-JFJ, 2023 WL 6317804 (N.D. Okla. Sept. 28, 2023), is misplaced. In *Amy M. F.*, the ALJ failed to point to any medical records counter to plaintiff's subjective complaints of headaches. Instead, the ALJ relied on the absence of "observable" findings in the medical records regarding headaches. *Id.* at *4 (finding that the absence of an observable head injury or swelling does not equate to the absence of a headache where plaintiff alleges "frequent, debilitating headaches" while pointing to medical records to support her claim). Simply put, the ALJ erred by failing to discuss the "uncontroverted evidence he chos[e] not to rely upon, as well as significantly probative evidence he rejects." *Id.*, *citing Clifton*, 79 F.3d at 1010. Here, the ALJ considered Plaintiff's subjective complaints of migraine severity, discussed Plaintiff's testimony, and the record evidence upon which she relied in determining the RFC.

Contrary to Plaintiff's assertion, the Court finds the ALJ relied on more than selective portions of the record and properly addressed the treatment records "as a whole," especially considering the mentioned consistencies in the treatment records. The ALJ is permitted to consider several factors when evaluating an individual's symptoms, including the claimant's ability to perform daily activities, the effectiveness of medication, treatment aside from medication, and the duration and frequency of pain. SSR 16-3p, 2017 WL 5180304, at *7–*8 (Oct. 25, 2017); 20 C.F.R. § 416.929(c)(3). The ALJ relied on Dr. Lackey's records noting that Plaintiff's migraines have continuously been controlled and medication has been helpful. It is the ALJ who is responsible for determining Plaintiff's RFC, and the Court will not reweigh the evidence absent

11

an indication it was improperly considered. *Howard*, 379 F.3d at 949; *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).

Finally, the Court finds Plaintiff's argument that the ALJ failed to account for Plaintiff's migraine-related symptoms in assessing the RFC unpersuasive. As the ALJ determined that no limitations related to Plaintiff's migraines were supported by the record, she was not required to include any such limitations in the RFC or hypothetical questions to the VE. The hypothetical questions to the VE only need to "reflect impairments and limitations . . . borne out by the evidentiary record." *See Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) (citations omitted). Since the ALJ's findings regarding Plaintiff's migraines are adequately reflected in the hypothetical inquiry to the VE, the VE's testimony provided "a proper basis for determination of this case." *See Gay v. Sullivan*, 986 F. 2d 1336, 1341 (10th Cir. 1993); *see also Decker*, 86 F. 3d at 955.

Accordingly, the ALJ's RFC discussion provided sufficient reasoning and support as to why Plaintiff's non-severe impairment of migraine headaches did not result in functional limitations for migraine-related symptoms in the RFC.

## Conclusion

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **AFFIRMED**.

IT IS SO ORDERED this 25th day of November, 2025.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT